Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8223 | **DATE** | 12/7/2011 |
| **CASE TITLE** | Boler vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's application for leave to proceed *in forma pauperis* [4] is respectfully denied. Because Plaintiff fails to allege a valid claim over which this Court has jurisdiction, his case is dismissed without prejudice. Plaintiff's motion for appointment of counsel [5] is denied as moot.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff's application for leave to proceed *in forma pauperis* [4] and his motion for appointment of counsel [5]. The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such costs or give security therefore," 28 U.S.C. § 1915(a)(1), so long as the action is neither frivolous nor malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

The Court relies on the financial affidavit filed along with the *in forma pauperis* application to assess a party's claim to indigency. In order to file and proceed on a lawsuit *in forma pauperis* – that is, without paying the filing fee – "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989); see also *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). To measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/11poverty.shtml). The HHS poverty guidelines for 2011 for the 48 contiguous states and the District of Columbia set the poverty level for a family of one at an annual income level of $10,890.

In Plaintiff's financial affidavit, he avers that he currently is unemployed. Plaintiff further states that he receives social security benefits, but that he does not have any other sources of income or assets. Plaintiff does not, however, include the amount of social security benefits he received in the past twelve months, as required by the financial affidavit. Without knowing the amount of benefits he receives each year, the Court is unable to determine whether Plaintiff's income falls below the poverty line. Because Plaintiff's financial affidavit is incomplete, his application to proceed *in forma pauperis* [4] is denied.

| STATEMENT |
|---|

Even if Plaintiff had provided the Court with complete financial information, it would still be constrained to deny Plaintiff's application and dismiss his case without prejudice because Plaintiff's case is not properly before this Court. Plaintiff purports to bring a conversion claim against the City of Chicago, but he states that this Court has jurisdiction over his case because "the circuit and appellate courts violated [his] 4th, 5th, and 6th Amendment rights" and his "civil rights by denying [him his] day in court to plead [his] case." [1] For support, Plaintiff attached to his application to proceed *in forma pauperis* a complaint from his case against the City of Chicago in the Circuit Court of Cook County, Illinois, which, because of the nature of Plaintiff's claims here, the Court assumes was dismissed by the state courts.

Plaintiff's conversion claim against the City is a state law claim, over which this Court lacks jurisdiction. Plaintiff does not allege complete diversity – as required by 28 U.S.C. § 1332 – nor could he. His filings indicate that both he and the City of Chicago are citizens of Illinois. And although it also appears that Plaintiff is alleging claims under the U.S. Constitution and 42 U.S.C. § 1983 against the Illinois State courts, those claims are improper for at least two reasons. First, the judges of those courts are entitled to absolute immunity for claims arising from judicial acts, see *Dawson v. Newman*, 419 F.3d 656 (7th Cir. 2005), and, notwithstanding the filing fee, § 1915(e)(2)(B)(iii) requires that this Court dismiss an action that seeks monetary relief from an immune defendant. Second, this Court lacks jurisdiction over any claim in which a plaintiff asks the Court to review and reject a judgment rendered against the plaintiff in state court. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). It is Plaintiff's burden to establish some basis for federal jurisdiction in his complaint, and here Plaintiff has failed to do so. To the contrary, it appears that Plaintiff asks this Court to review a failed state law conversion claim, which is barred by the *Rooker-Feldman* doctrine. For those reasons, the Court dismisses Plaintiff's complaint without prejudice.

In sum, for the reasons stated, the Court denies Plaintiff's application to proceed *in forma pauperis* [4] and dismisses his complaint without prejudice. Because the Court has dismissed Plaintiff's complaint, he no longer needs counsel to represent him in this case. Accordingly, Plaintiff's motion for appointment of counsel [5] is denied as moot.